# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAY ROBERT MAUST II** | : | Docket No. |
| | : | |
| **Versus** | : | Judge |
| | : | |
| **USAA CASUALTY INSURANCE COMPANY** | : : | Magistrate Judge |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

NOW COMES JAY ROBERT MAUST II, Plaintiff, who, through undersigned counsel, respectfully represents that:

### PARTIES

1. Made Plaintiff herein is JAY ROBERT MAUST II, (hereinafter sometimes referred to as "Plaintiff"), a person of the full age of majority and resident of the State of Louisiana.

2. Made Defendant herein USAA CASUALTY INSURANCE COMPANY (hereinafter sometimes referred to as "Defendant"), incorporated under the laws of Texas, with a principal place of business at 9800 Frederickburg Road, San Antonio, Texas 78288. Defendant is authorized to do business and issue policies in the state of Louisiana. Defendant may be served with process through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### JURISDICTION AND VENUE

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and Federal Rule of Civil Procedure 57.

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000). The amount in controversy in a declaratory judgment action is determined by the object of the litigation. The object of this declaratory judgment will determine whether Plaintiff's losses are covered under Defendant's policy.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

**FACTUAL BACKGROUND**

9. Plaintiff contracted with Defendant to insure the property located at 311 Shell Beach Drive, Lake Charles, Louisiana 70601-5825 (hereinafter collectively referred to as "insured premise").

10. The insured premise is the location of Plaintiff's personal residence.

11. The insured premise is covered under a policy issued by Defendant with policy number believed to be No. CIC 00487 73 05 93A (hereinafter referred to as "the policy"). The policy was

in full effect during the period of January 3, 2020, through January 3, 2021. Defendant assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

12. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

13. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

14. On August 27, 2020, while the policy was in full force and effect, the insured premises sustained significant damages resulting from Hurricane Laura, a major category four hurricane, around 1:00 a.m. Hurricane Laura made a catastrophic landfall a mere 30 miles away from Lake Charles, which was battered with sustained winds of 150 mph.

15. Devastating winds, wind-driven rain, and a life-threatening storm surge lasted for several hours as the hurricane passed over Lake Charles.

16. Hurricane Laura resulted in extensive damage to Lake Charles, including shredding the power grid and thousands of structures.

17. As a result of Hurricane Laura, the Plaintiff's property suffered extensive damage. The property sustained significant damage to its structure.

18. Plaintiff provided timely and proper notice to Defendant of the claim.

19. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

20. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

21. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

22. The Louisiana Insurance Commissioner's Emergency Rule 45 extended the initiation of loss adjustment timeline under La. Stat. Ann. §22:1892(A)(3) to sixty days (60) days from claimant's notice.

23. Emergency Rule 45, however, duly noted that "Insurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

24. Emergency Rule 45 did not alter any other timeline under La. Stat. Ann. §22:1892 other than 14-day initiation of loss adjustment time delineated under La. Stat. Ann. §22:1892(A)(3) specifically.

25. Defendant was given full access to inspect the insured premises on September 3, 2020. Defendant has had ample opportunity to view the extensive damage to the property.

26. Louisiana law provides claims handling timelines which are strictly construed.

27. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

28. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000,

whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

29. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

30. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

31. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

32. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

33. In compliance with their duties, Plaintiff has cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

34. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

35. Plaintiff has had to retain undersigned counsel to handle communications with Defendant in an attempt to bring this claim to a conclusion.

36. In addition to the proof of loss evidenced on inspection and other information provided, a formal and sufficient proof of loss package with all the evidence of the loss was provided to Defendant on January 6, 2022.

37. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss, particularly the building coverage.

38. Defendant has failed to timely and reasonably adjust the loss and respond to the formal proof.

39. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

40. On October 9, 2020, Hurricane Delta made landfall mere miles from Hurricane Laura, ravaging Plaintiff's property.

41. Plaintiff properly provided Defendant notice of their Hurricane Delta loss or damage.

42. Plaintiff submitted to Defendant a proof of loss package evidencing the property loss associated with Hurricane Delta.

43. Similar to their conduct on the Hurricane Laura claim, Defendant has failed to properly investigate and promptly tender payment due on the Hurricane Delta loss.

## CAUSES OF ACTION

44. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## DECLARATORY JUDGMENT: TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

45. Plaintiff is seeking a Declaratory Judgment confirming that Defendant has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

46. Plaintiff is seeking Declaratory Judgment confirming that Defendant's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission.

## BREACH OF CONTRACT

47. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

48. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

49. By virtue of the breach of contract, Defendant is liable to and owe Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

50. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff, but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

51. In addition, Defendant owed Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within sixty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

52. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

    a. Repair and remediation expenses;

    b. Additional living expenses and or loss of use expenses;

    c. Loss of personal property;

    d. Inability to make appropriate repairs due to inadequate insurance payments;

  e. Diminution in value of property;

  f. Actual damages related to the increased cost of repairs;

  g. Mental anguish;

  h. Attorney's fees and penalties; and

  i. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein, JAY ROBERT MAUST II, prays that this complaint be filed into the record, that Defendant, USAA CASUALTY INSURANCE COMPANY, be cited to appear and answer same, and after due proceedings are had, there be Judgment rendered in favor of Plaintiff, JAY ROBERT MAUST II, and against Defendant, USAA CASUALTY INSURANCE COMPANY for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, JAY ROBERT MAUST II, prays that there be a judgment rendered in favor of Plaintiff and against Defendant, USAA CASUALTY INSURANCE COMPANY , declaring that in their transaction of insurance USAA CASUALTY INSURANCE COMPANY has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property on September 3, 2020 and/or receipt of the January 6, 2022 satisfactory proof of loss submission and breached said obligation.

Respectfully Submitted,

*s/ Ashley N. Freeman*

_____
ASHLEY N. FREEMAN, T.A., #38221
afreeman@baggettmccall.com
MEAGAN N. JOHNSON, #38791
mjohnson@baggettmccall.com
BAGGETT, McCALL, BURGESS,
WATSON, GAUGHAN & ANDRUS, LLC
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, LA 70605
(337) 478-8888
(337) 479-1658 Facsimile

And

CHANCE WHITE, #25534
chance@gmhatlaw.com
GAUTHIER MURPHY & HOUGHTALING LLC
3500 N. Hullen Street
Metairie, Louisiana, 70002
Telephone:    (504) 456-8600
Facsimile:    (504) 456-8624

Attorneys for Plaintiff


Please serve this Complaint for Damages and Declaratory Judgment:

USAA CASUALTY INSURANCE COMPANY
Through its Agent of Process:
The Louisiana Secretary of State
8585 Archive Avenue
Baton Rouge, LA 70609